**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA, | : |
| | : |
| v. | : Case No.: _____ |
| | : |
| LUCAS VINYARD, | : |
| | : |
| Defendant. | : |

## NOTICE OF REMOVAL OF CRIMINAL ACTION TO FEDERAL COURT

Defendant, Lucas Vinyard, through counsel, HANNON LAW GROUP, LLP, and pursuant to 28 U.S.C. §§ 1442 and 1455, hereby removes the case of *Commonwealth v. Lucas Vinyard*, Case No. FE-2020-383, from the Circuit Court of Fairfax County, Virginia, to the United States District Court for the Eastern District of Virginia.  Pursuant to 28 U.S.C. § 1455(a), copies of all process, pleadings, and orders served upon Officer Vinyard are attached as Exhibit 1.  As grounds for removal, Officer Vinyard states the following:

### INTRODUCTION

This case involves a vehicular pursuit and officer involved shooting on the George Washington Memorial Parkway on November 17, 2017.  Lucas Vinyard, a Police Officer with the United States Park Police, together with Officer Alejandro Amaya, pursued the vehicle in their marked Park Police cruiser after dispatch advised that it had been involved in a hit-and-run. The indictment in the Circuit Court charges Officer Vinyard with "feloniously kill[ing] and slay[ing]" the driver, Bijan Ghaisar, and with recklessly discharging a firearm.  (Ex. 1.)  Officer Amaya was indicted on the same charges.

The Federal Bureau of Investigation conducted an extensive review of the officers' conduct.  Over the course of two years, the Bureau interviewed more than 150 witnesses.  At the conclusion of the investigation, the Department of Justice declined to prosecute the officers.  The

Department concluded that it could not prove that Officer Amaya did not act in self-defense, or that Officer Vinyard did not act to protect Officer Amaya or others.  Likewise, the Ghaisar family filed a *Bivens* action against the officers, but after extensive discovery, voluntarily dismissed the case.

Nevertheless, the Commonwealth's Attorney asked the Department of Justice to make its FBI agents available to testify before a Commonwealth Grand Jury.  The Department of Justice declined, as it had already conducted a "lengthy and thorough investigation" and declined to charge the officers.  (Letter from Eric S. Dreiband to Steve T. Descano, Feb. 6, 2020, attached as Exhibit 2.)  The Department explained that "[i]t is the longstanding position of the United States that a federal officer may not be prosecuted by a State for actions undertaken in the course of performing the officer's official duties, when the officer had an objectively reasonable basis to believe that the officer's actions were necessary to fulfill the officer's duties."  (*Id*.)  The Department warned that if the Commonwealth's Attorney did prosecute the officers, it "may be obliged to participate in the litigation and assist the officers in asserting their immunity defense to the prosecution."  (*Id*.)

On October 15, 2020, a Fairfax grand jury returned indictments for involuntary manslaughter and reckless discharge of a firearm.  While reserving his right to dispute the allegations,[1] Officer Vinyard asserts that at the time in question, he was acting as a federal officer, under the color of his office, and that he has a colorable federal defense—immunity under the Supremacy Clause of the United States Constitution.  Indeed, in the press release announcing the indictments, the Commonwealth's Attorney cautioned his constituents that "the

---

[1] Officer Vinyard does not admit that he committed the charged offenses.  "It was settled long ago that the federal officer, in order to secure removal, need not admit that he actually committed the charged offenses." *Willingham v. Morgan*, 395 U.S. 402, 408 (1969) (citing *Maryland v. Soper*, 270 U.S. 9, 32-33 (1926)).

defendants are federal officers," that "they will file motions to remove the matter to federal court," and that "the federal government will move to dismiss this case on the grounds of the Supremacy Clause." (Commonwealth's Attorney Descano Official Statement Announcing Indictments in the Bijan Ghaisar Case, Oct. 15, 2020, attached as Exhibit 3.) As such, Officer Vinyard has a right to have this case heard in federal court.

I.      **GROUNDS FOR FEDERAL OFFICER REMOVAL UNDER 18 U.S.C. § 1442.**

"Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Willingham*, 395 U.S. at 407. The federal removal statute permits removal of any "criminal prosecution that is commenced in a State court" against "any officer…of the United States or the agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals." 28 U.S.C. § 1442(a)(1). The removal statute "grant[s] district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California*, 489 U.S. 121, 136 (1989).

To qualify for removal, a defendant need only show (1) that the conduct concerns actions undertaken as a federal officer, (2) "that the suit is 'for a[n] act under color office,'" and (3) "raise a colorable federal defense." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999) (quoting 28 U.S.C. § 1442(a)(3)). The notice of removal must simply contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1455(a).

In considering the issue, the Court should enter an order for summary remand only where it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). Otherwise, "it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require." 28 U.S.C. § 1455(b)(5). If removal is permitted, the Court "shall so notify

3

the State court in which prosecution is pending, which shall proceed no further." 28 U.S.C. § 1455(b)(5).

        **A.**        **Officer Vinyard is an Officer of the United States.**

Officer Vinyard has served as a Police Officer with the Park Police since September 2007. (Vinyard Dep., Aug. 12, 2020, at 7:1-5, attached as Exhibit 4.) The Park Police is a unit of the National Park Service, which is in turn a division of the U.S. Department of the Interior. The Patrol Branch of the Park Police operates from district stations located in Virginia, Maryland, and the District of Columbia. Officers assigned to District Two are responsible for law enforcement and public safety throughout an area that includes the George Washington Memorial Parkway. On November 17, 2017, Officer Vinyard was serving on the midnight shift in District Two.

        **B.**        **Officer Vinyard was Acting "Under Color of his Office."**

The test for whether a federal officer was acting under color of his office is not onerous. The removal statute requires a "causal connection between what the officer has done under asserted official authority and the state prosecution." *Soper*, 270 U.S. at 33. All this requires is that "his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution." *Id.* In addition, the removal statute permits a law enforcement officer to show he acted "under the color of his office" if he acts to protect another person from an act of violence, provides assistance to someone threatened with bodily harm, or acts to prevent the escape of someone he reasonably believed had committed, or was about to commit, a crime of violence causing serious bodily injury. 28 U.S.C. § 1442(c).

4

In determining whether the defendant was acting under "color of his office," a court credits the removing party's theory of the case, rather than deciding the merits of the underlying case for jurisdictional purposes. *See Jefferson County*, 527 U.S. at 432.

### 1. Officer Vinyard was Performing his Official Duty.

On November 17, 2017, Officer Vinyard was working the midnight shift in District Two and sharing a Park Police cruiser with Officer Alejandro Amaya. Park Police dispatch advised officers to be on the lookout for a black Jeep that had been involved in a hit-and-run collision and fled the scene.

Officer Vinyard was driving when they spotted a Jeep that fit the description from dispatch and began pursuit. Officer Vinyard activated the cruiser's lights and sirens to signal the driver to pull over. Ghaisar did not immediately pull over, but eventually stopped in the right lane of traffic. The officers pulled up next to the Jeep, rolled down the passenger window of the cruiser, and commanded Ghaisar to pull over and stop. They observed that Ghaisar was sweating, his eyes appeared glazed over, and he did not look at the officers. At this point, they suspected he was under the influence of drugs or alcohol. Rather than comply with the officer's commands, Ghaisar pulled away.

The Jeep continued to speed down the George Washington Parkway, maintaining a speed of 50 to 60 miles per hour, far beyond the speed limit. The officers observed Ghaisar driving erratically, including crossing the double yellow line. Twice, Ghaisar stopped in the right lane of traffic, only to speed away as the officers exited their cruiser and approached.

Ghaisar then exited the parkway onto West Boulevard Drive and entered a residential area. Ghaisar continued driving in excess of the speed limit, failed to stop at a stop sign, and turned left onto Alexandria Avenue.

Ghaisar stopped for the fourth time at the intersection of Alexandria Avenue and Fort Hunt Road. By this time, the officers had probable cause for a warrantless arrest. They observed Ghaisar speeding, fleeing the police, and crossing the yellow line separating oncoming traffic. They also had reason to believe he was driving under the influence of drugs or alcohol. It is beyond dispute that Officer Vinyard was performing his official duties as a federal officer when pursuing and attempting to stop Ghaisar.

### 2. Office Vinyard Was Providing Immediate Assistance to Officer Amaya.

The federal removal statute provides three additional circumstances in which a law enforcement officer is also "deemed to have been acting under the color of his office." 28 U.S.C. § 1422(c). These include when the officer is (1) protecting another person from a crime of violence, (2) providing assistance to someone threatened with bodily harm, or (3) preventing the escape of someone who committed, or was about to commit, a crime of violence that would likely result in serious bodily harm.

When Ghaisar stopped his Jeep for the fourth time, there was an impassable ditch on the right side of the road. Officer Vinyard positioned the cruiser directly in front of the Jeep, leaving no room for it to pass on the right. He exited the driver's seat and went around the back of the cruiser to get to the Jeep. Before he could see the Jeep, Officer Vinyard heard a gunshot. As he came around the corner, he saw the Jeep move towards Officer Amaya. He then acted to prevent Ghaisar from striking Officer Amaya with his Jeep—a crime of violence that would likely have caused serious bodily harm to Amaya. Accordingly, Officer Vinyard was acting "under the color of his office." 28 U.S.C. § 1422(c).

### C. Officer Vinyard has a Colorable Federal Defense of Immunity Under the Supremacy Clause of the United States Constitution.

The final requirement for removal is the averment of a colorable federal defense. *See Mesa,* 489 U.S. at 129. Under the Supremacy Clause of the U.S. Constitution, federal officers are immune from state prosecution if "(1) the federal agent was performing an act which he was authorized to do by the law of the United States and (2) in performing that authorized act, the federal agent did no more than what was necessary and proper for him to do." *Kentucky v. Long*, 837 F.2d 727, 744 (6th Cir. 1988). For an act to be "necessary and proper," "two conditions must be satisfied: (1) the actor must subjectively believe that his action is justified; and (2) that belief must be objectively reasonable." *New York v. Tanella*, 374 F.3d 141, 147 (2d. Cir. 2004) (citing *Whitehead v. Senkowski*, 943 F.2d 230, 234 (2d. Cir. 1991)). Courts must "evaluate the circumstances as they appear to [the] federal officer [] at the time of the act in question, rather than the more subtle and detailed facts later presented to a court." *Wyoming v. Livingston*, 443 F.3d 1211, 1229 (10th Cir. 2006). Importantly, the removal statute "is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Mesa*, 489 U.S. at 133 (quoting *Willingham*, 395 U.S. at 409). "The officer need not win his case before he can have it removed." *Willingham*, 395 U.S. at 407.

In pursuing and attempting to apprehend Ghaisar, and while attempting to protect Officer Amaya from the threat of serious bodily harm, Officer Vinyard was clearly performing acts he was authorized to do as a federal police officer. Moreover, Officer Vinyard reasonably believed that his actions were justified in carrying out his federal duties. As such, Officer Vinyard has asserted a colorable federal defense, and has fulfilled the third and final requirement for removal under § 28 U.S.C 1442(a).

## CONCLUSION

For the foregoing reasons, Officer Vinyard asks the Court to find that it does not clearly appear on the face of the notice that removal is improper, and order that an evidentiary hearing be held to determine whether the case should be removed. 28 U.S.C. §1455(b)(5).

Respectfully submitted,

HANNON LAW GROUP, LLP,

Daniel S. Crowley,
Virginia State Bar Number: 79567
333 8th Street NE
Washington, DC 20002
Tel: (202) 232-1907
Fax: (202) 232-3704
dcrowley@hannonlawgroup.com
*Counsel for Lucas Vinyard*

## CERTIFICATE OF SERVICE

I certify that on this 16 day of November, 2020, a copy of the foregoing Notice of Removal was served via first class mail, postage prepaid to:

Kyle Manikas
Deputy Commonwealth's Attorney
4110 Chain Bridge Road, Suite 114
Fairfax, Virginia 22030.

Daniel S. Crowley,
Virginia State Bar Number: 79567
333 8th Street NE
Washington, DC 20002
Tel: (202) 232-1907
Fax: (202) 232-3704
dcrowley@hannonlawgroup.com
*Counsel for Lucas Vinyard*