# EXHIBIT 1

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

October 15, 2020

| COMMONWEALTH OF VIRGINIA | ) | |
|---|---|---|
| | ) | INDICTMENT FOR |
| vs. | ) | |
| | ) | INVOLUNTARY MANSLAUGHTER |
| LUCAS VINYARD | ) | |

The Special Grand Jurors of the Commonwealth of Virginia, in and for the body of the County of Fairfax, and now attending the said Court pursuant to an Order dated September 24, 2020, charges that: On or about the 17th day of November, 2017, in the County of Fairfax, as either a principal actor or in concert with another, Lucas Vinyard did feloniously kill and slay Bijan Caesar Ghaisar.

Va. Code §18.2-36
VCC MUR-0942-F5

A True Bill  λ

No True Bill _____

*Sherry C. Medders*
FOREMAN

Witnesses subpoenaed, sworn and
available to testify before the
Grand Jury:

Det. C. Flanagan, Fairfax County Police Dept.

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

October 15, 2020

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA | ) | |
| | ) | INDICTMENT FOR RECKLESS |
| vs. | ) | |
| | ) | DISCHARGE OF A FIREARM |
| LUCAS VINYARD | ) | |

The Special Grand Jurors of the Commonwealth of Virginia, in and for the body of the County of Fairfax, and now attending the said Court pursuant to an Order dated September 24, 2020, charges that: On or about the 17th day of November, 2017, in the County of Fairfax, as either a principal actor or in concert with another, Lucas Vinyard did unlawfully and feloniously handle a firearm in a manner so gross, wanton, and culpable as to show a reckless disregard for human life, thereby causing serious bodily injury to Bijan Caesar Ghaisar, resulting in permanent and significant physical impairment.

Va. Code §18.2-56.1(A1)
VCC WPN-5308-F6

A True Bill  X

No True Bill _____

*Sherry C. Medders*
FOREMAN

Witnesses subpoenaed, sworn and
available to testify before the
Grand Jury:

Det. C. Flanagan, Fairfax County Police Dept.

# VIRGINIA:

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

COMMONWEALTH OF VIRGINIA :
:
vs. : Case No. FE-2020-0000383
:
LUCAS VINYARD :

### NOTICE OF APPEARANCE

Please note the appearance of Daniel S. Crowley and Harrison E. Richards, of HANNON LAW GROUP, LLP, for Defendant Lucas Vinyard. Contact information for counsel is as follows:

Daniel S. Crowley
HANNON LAW GROUP, LLP
333 8th Street, N.E.
Washington, D.C. 20002
Tel: (202) 232-1907
Fax: (202) 232-3704
Email: dcrowley@hannonlawgroup.com

Harrison E. Richards
HANNON LAW GROUP, LLP
333 8th Street, N.E.
Washington, D.C. 20002
Tel: (202) 232-1907
Fax: (202) 232-3704
Email: hrichards@hannonlawgroup.com

Dated: October 21, 2020                               Respectfully Submitted,

*/s/ Daniel S. Crowley*
Daniel S. Crowley
Virginia State Bar Number: 79567
HANNON LAW GROUP, LLP
333 8th Street, NE
Washington, DC 20002
Telephone: (202) 232-1907
Facsimile: (202) 232-3704
dcrowley@hannonlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail on October 21, 2020 to:

    Kyle Manikas
    Deputy Commonwealth's Attorney
    4110 Chain Bridge Rd, Suite 114
    Fairfax, VA 22030

*/s/ Daniel S. Crowley*
Daniel S. Crowley
Virginia State Bar Number: 79567
HANNON LAW GROUP, LLP
333 8th Street, NE
Washington, DC 20002
Telephone: (202) 232-1907
Facsimile: (202) 232-3704
dcrowley@hannonlawgroup.com

FILED
CRIMINAL
2020 OCT 27 AM 9: 17
JOHN T FREY
CLERK
FAIRFAX CIRCUIT COURT
FAIRFAX, VA

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

COMMONWEALTH OF VIRGINIA :

vs. : Case No. FE-2020-0000383

LUCAS VINYARD :

### MOTION TO AMEND CONDITIONS OF BOND

Defendant Lucas Vinyard, through counsel, HANNON LAW GROUP, LLP, respectfully moves this Honorable Court to amend his conditions of bond, to allow him to travel out-of-state. Officer Vinyard requests that this motion be heard by the Court on October 28, 2020. In support of his motion, Officer Vinyard states the following:

1. Officer Vinyard is charged with involuntary manslaughter and reckless discharge of a firearm for events that allegedly occurred while performing his duty as a federal law enforcement officer.

2. On October 19, 2020, Officer Vinyard was released from custody on a ten thousand dollar ($10,000) unsecured bond. As conditions of his bond, Officer Vinyard is prohibited from possessing a firearm or ammunition, from exercising police powers, and from leaving the Commonwealth of Virginia.

3. Officer Vinyard has remained in full compliance with his conditions of bond.

4. Officer Vinyard requests that this Court remove the condition of his bond that prohibits him from leaving the Commonwealth of Virginia.

5. Officer Vinyard's employer is located outside the Commonwealth. Officer Vinyard is employed as a police officer with the United States Park Police. Although he is currently on administrative leave status, he may be required to report Park Police headquarters, located at 1100 Ohio Drive, Southwest, in Washington, D.C.

6. Officer Vinyard's attorneys' office is located outside the Commonwealth. Their office is located at 333 8th Street, Northeast, in Washington, D.C.

7. Officer Vinyard has family that resides outside the Commonwealth. In particular, Officer Vinyard's father, who suffers from inoperable liver cancer, resides in Illinois, and his brother resides in Texas. Officer Vinyard wishes to visit his father and brother from time to time.

8. Officer Vinyard has a long-planned project outside the Commonwealth. Officer Vinyard has been working on a documentary, along with his father, brother, and others, that is set to be filmed in Commonwealth of Pennsylvania. Officer Vinyard has long planned to travel to South Central Pennsylvania, for the filming, together with his father, brother, and others, on October 29, 2020, November 5, 2020, and November 8 through November 15, 2020.

9. Officer Vinyard requests that this motion be heard by this Court on October 28, 2020.

WHEREFORE, based upon the foregoing facts and circumstances, Officer Vinyard respectfully requests that his conditions of bond be modified to allow him to travel outside the Commonwealth.

Dated: October 26, 2020

*Harrison Richards*

Daniel S. Crowley,
Virginia State Bar Number: 79567
Harrison E. Richards
Virginia State Bar Number: 94960
HANNON LAW GROUP, LLP
333 8th Street, N.E.
Washington, D.C. 20002
Telephone: (202) 232-1907
Facsimile: (202) 232-3704
dcrowley@hannonlawgroup.com
hrichards@hannonlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail on October 26, 2020 to:

Kyle Manikas
Deputy Commonwealth's Attorney
4110 Chain Bridge Rd, Suite 114
Fairfax, VA 22030

*Harrison Richards*

Harrison E. Richards
Virginia State Bar Number: 94960
HANNON LAW GROUP, LLP
333 8th Street, N.E.
Washington, D.C. 20002
Telephone: (202) 232-1907
Facsimile: (202) 232-3704
hrichards@hannonlawgroup.com

3

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

COMMONWEALTH OF VIRGINIA )
)
v. ) CRIMINAL NO. FE-2020-383
)
LUCAS VINYARD )

REQUEST TO CLERK FOR ISSUANCE OF A SUBPOENA DUCES TECUM

COMES NOW the Commonwealth, by her Deputy Commonwealth's Attorney, and requests the Clerk of the Circuit Court of Fairfax County, Virginia, issue a subpoena *duces tecum* pursuant to Rule 3A:12(b) of the Rules of the Supreme Court of Virginia to:

> Roy L. Austin
> c/o James Caesar Ghaisar, CPA, PC
> 1356 Beverly Rd., Suite 250
> McLean, VA 22101

for all documents produced by the United States Government pertaining to the 2017 shooting death of Bijan C. Ghaisar by the United States Park Police. This subpoena *duces tecum* does not request production of material concerning the clients (James Ghaisar and Kelara Ghaisar) of the individual to whom this subpoena is directed. Said records should be delivered to the Fairfax County Circuit Court Clerk's Office, 4110 Chain Bridge Road, Fairfax, Virginia 22030, on or before Thursday, November 12, 2020. The Commonwealth, pursuant to the attached affidavit of materiality, submits the above-named records are material and relevant to the pending charge and are in the custody of the third party.

Respectfully submitted,

Kyle Manikas
Deputy Commonwealth's Attorney

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

COMMONWEALTH OF VIRGINIA )
)
v. ) CRIMINAL NO. FE-2020-383
)
LUCAS VINYARD )

### AFFIDAVIT OF MATERIALITY

COMES NOW the Commonwealth, by her Deputy Commonwealth's Attorney, and states that the documents described in the attached request for subpoena *duces tecum* are currently in the custody of a person not a party to this case, and further states that such records are material to the pending charges.

I hereby state that the aforementioned information is true to the best of my knowledge.

_____
Kyle Manikas
Deputy Commonwealth's Attorney


COMMONWEALTH OF VIRGINIA

COUNTY OF FAIRFAX, to-wit:

Subscribed and sworn to before me, Jonathan R. Frederick, notary public, this 27 day of October, 2020. My commission expires: September 30, 2024.

_____
Notary Public  #7674142

# EXHIBIT 2



**U.S. Department of Justice**

Civil Rights Division

_Washington, D.C. 20530_

*Via Electronic Mail*
Mr. Steve T. Descano
Office of the Fairfax Commonwealth's Attorney
4110 Chain Bridge Road, Suite 114
Fairfax, Virginia 22030

February 6, 2020

Dear Mr. Descano,

    I write in response to your December 13, 2019 request that an FBI agent who investigated the death of Mr. Bijan Ghaisar appear as a summary witness before a state grand jury in Fairfax County. As you know, the Department could not process that request in the very short period of time before the grand jury expired. Since the expiration of the grand jury, you did not—to my knowledge—renew that request or otherwise contact the Department regarding that request. Nevertheless, as a matter of courtesy and comity, I write to clarify the Department's position about your request.

    After a lengthy and thorough investigation into Mr. Ghaisar's death, the Department of Justice declined to bring federal charges. At the outset of the investigation, the Department invited Fairfax County to participate in the Department's investigation. Fairfax declined to do so. When Fairfax County subsequently commenced its own investigation, the Department voluntarily shared its investigative files with the County. To be clear, your request contemplates having an FBI agent appear before the state grand jury, not as a fact witness but to summarize the evidence collected in the federal investigation. Nothing prevents Fairfax County from having its own detectives now review those same case files, conduct their own investigation, and testify before the Fairfax County grand jury. For the reasons set forth below, the Department cannot agree at this time to provide an FBI agent to appear before the state grand jury.

    The U.S. Park Police is a component of the U.S. Department of the Interior. The Department of the Interior has requested that the Department of Justice provide legal representation to the U.S. Park Police officers in connection with pending civil litigation relating to Mr. Ghaisar's death. The Department of the Interior has also asked that the United States support the U.S. Park Police officers' anticipated assertion of immunity defenses, regardless of whether the Department of Justice ultimately represents the officers. The Department's Civil Division is currently evaluating those requests.

    Should the Department undertake to represent the U.S. Park Police officers, it will be ethically bound to advocate zealously on their behalf, consistent with its longstanding guidelines and practices regarding the representation of federal agents by the Department. In view of the possibility that the Department may represent the officers, the Department is unable to authorize

Department employees, including FBI agents, to appear before a state grand jury in Fairfax County.

It is the longstanding position of the United States that a federal officer may not be prosecuted by a State for actions undertaken in the course of performing the officer's official duties, when the officer had an objectively reasonable basis to believe that the officer's actions were necessary to fulfill the officer's duties. *See, e.g.*, *In re Neagle*, 135 U.S. 1, 75-76 (1890); *Wyoming v. Livingston*, 443 F.3d 1211, 1221 (10th Cir. 2006); *Kentucky v. Long*, 837 F.2d 727, 745 (6th Cir. 1988); *West Virginia v. Laing*, 133 F. 887, 890-91 (4th Cir. 1904); *see also* Seth P. Waxman & Trevor W. Morrison, *What Kind of Immunity? Federal Officers, State Criminal Law, and the Supremacy Clause*, 112 Yale L.J. 2195 (2003). In such cases, the Department may be obliged to participate in the litigation and assist the officers in asserting their immunity defense to the prosecution and otherwise take all appropriate measures to protect the interest of the United States.

For these reasons, the Department of Justice cannot agree at this time to your December 13 request that an FBI agent appear before the state grand jury.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division
United States Department of Justice

BGL_LETTERS 000017

# EXHIBIT 3


**Commonwealth of Virginia**

## COUNTY OF FAIRFAX
4110 CHAIN BRIDGE ROAD, ROOM 114
FAIRFAX, VIRGINIA 22030-4047

**STEVE DESCANO**
COMMONWEALTH'S ATTORNEY

10/15/2020

### COMMONWEALTH'S ATTORNEY DESCANO OFFICIAL STATEMENT ANNOUNCING INDICTMENTS IN THE BIJAN GHAISAR CASE

FAIRFAX COUNTY, VA – Fairfax County Commonwealth's Attorney Steve Descano released the following statement announcing indictments in the Bijan Ghaisar case.

"Bijan Ghaisar was an individual that was involved in a minor traffic accident and was shot and killed by law enforcement minutes later. On a relatively uneventful night in 2017, Bijan was struck by another car, left the scene, and thereafter failed to pull over for U.S. Park Police—none of that should have led to his death. It left a family with a great loss and a community with a lot of unanswered questions. Today, we move a step closer to answers.

I'm announcing that the Fairfax County Commonwealth's Attorney Office has secured indictments against the two federal officers who shot and killed Bijan Ghaisar. Each officer was indicted separately for one count of manslaughter and one count of reckless discharge of a firearm. Over the last few months, a special grand jury was planned for and convened at my request for the sole purpose of investigating this matter. Jurors from our community met on a number of occasions to review evidence and have returned the indictments I've sought. This result comes after months of intensive investigative work done by my office. My thanks to the FCPD and FBI for their assistance. Special recognition is due to Deputy Commonwealth's Attorney Kyle Manikas and Senior Assistant Commonwealth's Attorney Matt Lowery for their tireless work in securing these indictments.

Like so many others in our community, I was deeply disturbed by the images we saw on that cruiser video. That's why I made sure that we took a clear and critical look at this case and made sure we did the right thing. I know so many members of the community, the media, and our elected officials have been inquiring about this case for many months. I appreciate their passion and thank them for their patience. I also thank the Ghaisar family for their patience, compassion, and understanding through an unimaginably terrible time. As a community, it's difficult for a process like this to occur without regular updates, but I ultimately decided to pursue this under a sealed special grand jury to provide a total review of the evidence at hand while being mindful of the challenges we faced.

I wish this could have been done in a faster fashion. However, there is no shortcut to justice. This is a very complex and nuanced case. The pursuit of these indictments involved the careful review over 11,000 pieces of documentary evidence, the chasing

down of additional evidence, and the conducting of in-person interviews and discussions in the midst of a global pandemic. Making this more difficult was the U.S. Department of Justice's refusal to produce witnesses for the benefit of our grand jury and trial. Without our ability to call those witnesses it rendered their investigation and the valuable evidence they collected unusable at trial. To move this case forward we had to rely purely on evidence collected by the FCPD. To that end, I want to specifically thank Police Chief Ed Roessler as well as all the officers that responded that evening and subsequently handled the investigation of this case—because of your efforts you gave us the foundation necessary to get us to today's result.

Justice has not yet come for the Ghaisar family, but today is a major step forward in that journey. That journey has a number of steps to go.

Because the defendants are federal officers, I fully anticipate that they will file motions to remove this matter to federal court within the next 30 days. In turn, I also expect the federal government will move to dismiss this case on the grounds of the Supremacy Clause. Because of these unique challenges, we've not only prepared for these indictments, we've also spent months preparing for trial. As I stand before you, I know we are ready to try this case tomorrow. The level of preparation that's called for in this case cannot be done in six weeks—it cannot be done in six months. If you are committed to more than just an indictment you need to put in the work.

Furthermore, in anticipation of federal ligation on removal and Supremacy Clause issues I have requested the assistance of Attorney General Mark Herring's office. AG Mark Herring has graciously agreed to partner with us to take the lead on these federal issues. I thank Attorney General Mark Herring for his support in this effort.

When this incident happened, it shook our community and the reverberations were felt far and wide because of the disturbing video that we've all seen. We live in an age when justice does not happen in a vacuum. Cameras are everywhere and sometimes capture very troubling images. When a case is as widely reported as this one with a video that depicts an unsettling act, our community will certainly demand action.

Look around our country right now and it's clear that many of our neighbors have lost faith in our criminal justice system. That loss of faith is because of systemic failures. We all know our system needs reform and that our laws are often times too narrow and very particular. When that happens it leaves us with laws on the books that don't accord with the values in our hearts. We were fortunate enough that our community's values and laws saw eye to eye today. Unfortunately, the fact that it doesn't always play out that way remains a real problem. Let's never forget that we have the power to change that. When we demand better of our elected officials and demand that our laws reflect our values you will see better and better outcomes like we did today."

###

# EXHIBIT 4



# Transcript of Lucas Vinyard

**Date:** August 12, 2020
**Case:** Ghaisar, et al. -v- The United States

**Planet Depos**
**Phone:** 888.433.3767
**Email::** transcripts@planetdepos.com
**www.planetdepos.com**

## Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE EASTERN DISTRICT OF VIRGINIA
 3                          x
 4   JAMES GHAISAR, et al.,     :
 5              Plaintiffs,     :
 6   v.                         :   Civil Action No.
 7   UNITED STATES,             :   1:19 cv 1224 CMH/IDD
 8              Defendant.      :
 9                          x
10              D E P O S I T I O N
11                      o f
12              LUCAS VINYARD
13       taken on behalf of Plaintiffs
14
     DATE:           August 12, 2020
15
     TIME:           10:00 a.m. to 12:36 p.m. EDT
16
     PLACE:          *** REMOTE ***
17
     BEFORE:         Dawn A. Hillier, RMR, CRR, CLR
18                   Notary Public   State of
                     Florida, at Large
19
     JOB NO:         312726
20
```

## Page 2

```
 1   APPEARANCES:  ALL PARTIES APPEARING REMOTELY
 2
 3   ON BEHALF OF THE PLAINTIFFS:
 4      ROY AUSTIN, ESQUIRE
        THOMAS CONNOLLY, ESQUIRE
 5      HARRIS WILTSHIRE & GRANNIS LLP
        1919 M Street NW, Eighth Floor
 6      Washington, D.C. 20036
        202.730.1339
 7
 8
     ON BEHALF OF THE DEFENDANT:
 9
        MEGAN LOFTUS, ESQUIRE
10      KIMERE KIMBALL, ESQUIRE
        UNITED STATES ATTORNEY'S OFFICE
11      EASTERN DISTRICT OF VIRGINIA
        2100 Jamieson Avenue
12      Alexandria, VA 22314
        703.299.3891
13
14   ON BEHALF OF THE WITNESS:
15      DANIEL CROWLEY, ESQUIRE
        HARRISON RICHARDS, ESQUIRE
16      J. MICHAEL HANNON, ESQUIRE
        HANNON LAW GROUP, LLP
17      333 8th Street, N.E.
        Washington, D.C.  20002
18      202.232.1907
        dcrowley@hannonlawgroup.com
19
20   ALSO PRESENT:
21      Negeen Ghaisar
22      Kelly Ghaisar
        Sarah Loiler, Planet Depos document technician
23      Deepika Ravi, Planet Depos
```

## Page 3

```
 1                       INDEX
 2                                            PAGE
 3   WITNESS   LUCAS VINYARD                    6
     DIRECT EXAMINATION BY MR. AUSTIN           6
 4   CERTIFICATE OF OATH                      136
     REPORTER'S CERTIFICATE                   137
 5
 6                      EXHIBITS
 7   Exhibit 1    General Order 3615, Bates US 30    18
                  33
 8
     Exhibit 2    General Order 2205, Bates US 58    20
 9                66
10   Exhibit 3    General Order 2205, Bates 11666    20
                  11674
11
     Exhibit 4    United States Department of the    26
12                Interior, Administrative Complaint,
                  Bates US 887   892
13
     Exhibit 5    United States Park Police,         27
14                Internal Affairs Unit, Case
                  Routing/Tracking Report, Bates US 924
15                945
16   Exhibit 6    United States Department of the    32
                  Interior, United States Park Police,
17                August 13, 2013 memo, re:  Subject
                  Personnel Complaint No. 13 067, Bates US
18                946   963
19   Exhibit 7    Video                              39
20   Exhibit 8    FBI document, Bates US 5375 154    130
                  through 5375 180
```

## Page 4

```
 3        REPORTER'S KEY TO PUNCTUATION:
 4        At end of question or answer references
 5        interruption.
 6   ...  References a trail off by the speaker.
 7        No testimony omitted.
 8   Uh huh   Um hum   References affirmative sound.
 9   Huh uh   Um um    References negative sound.
```

**Page 5**

1  DOCUMENT TECHNICIAN: Thank you to everyone
2  for attending this proceeding remotely, which we
3  anticipate will run smoothly. Please remember to
4  talk slowly. Please be aware that we are recording
5  this proceeding for backup purposes. Any
6  off-the-record discussions should be had away from
7  the computer.
8    Please remember to mute your mic for those
9  conversations. Please have your video enabled to
10 help the reporter identify who is speaking. If you
11 are unable to connect via video and are connecting
12 via phone, please identify yourself each time
13 before speaking.
14   I apologize in advance for any
15 technical-related interruptions. Thank you.
16   COURT REPORTER: The attorneys participating
17 in this deposition acknowledge that I, the court
18 reporter, am not present with the witness and that
19 I will be reporting the proceedings and
20 administering the oath remotely. The parties and
21 their counsel consent to this arrangement and waive
22 any objections to this manner of reporting. Please
23 indicate your agreement by stating your name and
24 your agreement on the record.
25   MR. AUSTIN: This is Roy Austin on behalf of

**Page 6**

1  the plaintiffs, James and Kelly Ghaisar, and I
2  agree.
3    MS. KIMBALL: Kimere Kimball on behalf of the
4  United States, we also agree.
5    MR. CROWLEY: And Daniel Crowley on behalf of
6  Officer Vinyard, and we agree also.
7      LUCAS VINYARD,
8  was called as a witness, and having first been duly
9  sworn, was examined and testified as follows:
10   THE WITNESS: Yes, ma'am, I do.
11   COURT REPORTER: Thank you.
12      DIRECT EXAMINATION
13 BY MR. AUSTIN:
14  Q  Will you please state and spell your name for
15 the record?
16  A  Lucas Vinyard, L-u-c-a-s, V as in Victor,
17 i-n-y-a-r-d.
18  Q  And how far did you go in school?
19  A  Two, three years of college.
20  Q  You did not graduate?
21  A  No. I walked away before I graduated.
22  Q  You do not have an associate's degree?
23  A  No.
24  Q  What is your current occupation?
25  A  Police officer.

**Page 7**

1  Q  And where are you a police officer?
2  A  United States Park Police, Department of
3  Interior.
4  Q  And how long have you been a police officer?
5  A  Just under 13 years, sir.
6  Q  Have you ever taken a deposition before?
7  A  No, sir.
8  Q  Have you ever been a trial witness before?
9  A  Yes, sir.
10 Q  Approximately how many times have you been a
11 witness in a trial?
12 A  Just once, sir.
13 Q  Have you ever been a grand jury witness
14 before?
15 A  Yes, sir.
16 Q  Approximately how many times have you been a
17 grand jury witness?
18 A  One time, sir.
19 Q  How long ago were you a trial witness?
20 A  Approximately 2010, as I recall.
21 Q  And how long ago were you a grand jury
22 witness?
23 A  2008, approximate.
24 Q  Is there any reason whatsoever why you cannot
25 tell the truth today?

**Page 8**

1  A  No, sir.
2  Q  Are you presently on any drugs or medication
3  that would make it difficult for you to tell the truth
4  today?
5  A  No, sir.
6  Q  Are you presently under -- using any drugs or
7  medication that would make it difficult for you to
8  understand my questions today?
9    (Off the stenographic record.)
10 BY MR. AUSTIN:
11 Q  Are you presently under the -- are you
12 presently using any drugs or medications that would make
13 it difficult for you to understand my question?
14 A  No, sir, I'm not.
15 Q  Do you understand that if you do not
16 understand a question that I ask you, do not simply
17 answer that question, but ask me to restate it and
18 clarify it? Do you understand that?
19 A  Yes, sir.
20 Q  What did you do to prepare for today's
21 deposition?
22 A  I got dressed.
23 Q  Did you speak with anyone?
24 A  No, sir.
25 Q  Did you read any documents?