UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:20cv1396-CMH-IDD |
| | ) | |
| LUCAS VINYARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR ADMISSION PRO HAC VICE AND
EXEMPTION FROM LOCAL COUNSEL REQUIREMENT OF
LOCAL CRIMINAL RULES 57.4(D)(1)(b) AND 57.4(D)(3)**

The United States of America, by Jonathan Lucier, Assistant United States Attorney for

the Eastern District of Virginia, moves, pursuant to Local Criminal Rule 57.4(D),[1] for (1) the

admission of John Blair Fishwick Martin, an attorney employed by the United States Department

of Justice, to the bar of this Court *pro hac vice* for the purpose of representing the United States

of America in this matter, and (2) because of the recusal from this matter by the United States

Attorney's Office for the Eastern District of Virginia,[2] for an exemption during the pendency of

this matter from the requirements of Local Criminal Rules 57.4(D)(1)(b) and 57.4(D)(3) that an

attorney admitted *pro hac vice* be accompanied by a member of the bar of this Court in all

---

[1] Because private parties cannot initiate a criminal proceeding in this Court, the defendants
initiated these cases in this Court by filing removal notices and opening the cases as civil cases
pursuant to that notice. However, because these cases are removed criminal proceedings, it
appears that the Local Criminal Rules, rather than the Local Civil Rules, would apply. To the
extent that the Local Civil Rules apply, the undersigned respectfully requests an exemption from
the local counsel requirements of Local Civil Rules 83.1(D)(1)(b) and 83.1(D)(4) instead of the
parallel requirements of Local Criminal Rules 57.4(D)(1)(b) and 57.4(D)(3).

[2] Undersigned counsel from the United States Attorney's Office is appearing in this matter only
for purposes of this motion.

1

appearances before the Court, that a member of the bar of this Court sign court filings, and that

out-of-district federal government attorneys representing the United States in this Court must

secure local counsel by working with an Assistant United States Attorney assigned to the Eastern

District of Virginia. In support thereof, the United States states as follows.

## I.      Background

1.      This matter is a Commonwealth of Virginia criminal proceeding that was

commenced in the Circuit Court of Fairfax County, Virginia, and was removed to this Court by

the Defendant on November 16, 2020. Notice of Removal, ECF No. 1 at 1.

2.      The Defendant asserts that he has a defense to the charges made in the state

criminal proceeding based on federal law, namely that a federal immunity defense under the

Supremacy Clause of the U.S. Constitution. *See* Notice of Removal, ECF No. 1 at 7.

3.      28 U.S.C. § 517 authorizes the Attorney General to send any officer of the

Department of Justice "to attend to the interests of the United States" in any action pending in

any state or federal court.

4.      Because Defendant is asserting a federal immunity defense, Mr. Martin, an

attorney employed by the United States Department of Justice, holding the position of Trial

Attorney, Civil Division, Torts Branch, Constitutional and Specialized Torts Litigation Section,

has been assigned to "attend to the interests of the United States" in this matter.

## II.     Motion for Admission *Pro Hac Vice* of Mr. Martin

5.      If approved by this Court, Mr. Martin will enter an appearance in this action on

behalf of the United States pursuant to 28 U.S.C. § 517.

6.      Mr. Martin satisfies the Court's rules for *pro hac vice* admission. Mr. Martin is a

member in good standing of the New York Bar (Bar # 4682928), the bar of the United States

District Court for the Southern District of New York, and the bar of the United States Court of

Appeals for the Second Circuit. Local Criminal Rule 57.4(D)(1). Both the United States District

Court for the Southern District of New York, the district where Mr. Martin is currently admitted,

and the United States District Court for the District of Columbia, the district where he currently

has his office, extend a similar privilege of *pro hac vice* admission to members of the bar of this

Court. Local Criminal Rule 57.4(D)(1)(a). *See* Local Civil Rule of the U.S. District Court for the

Southern District of New York 1.3(c); Local Civil Rule of the U.S. District Court for the District

of Columbia 83.2(c). Mr. Martin practiced law in New York from September 2008[3] to December

2019, serving as an Assistant District Attorney in the Manhattan District Attorney's Office, a law

clerk for a judge of the New York State Court of Appeals, and a senior associate for a law firm

specializing in municipal defense and commercial litigation in federal and state courts. Since

2019, Mr. Martin has been an attorney employed by the United States Department of Justice.

      7.      In his application for admission, attached here as **Exhibit A**, Mr. Martin certifies

that he has read the Local Rules of this Court and that his knowledge of the Federal Rules of

Civil Procedure, the Federal Rules of Criminal Procedure, and the Federal Rules of Evidence is

current. As a full-time employee of the United States, Mr. Martin has requested an exemption

from the admission fee. Therefore, undersigned counsel submits that Mr. Martin has satisfied the

requirements set forth in Local Criminal Rules 57.4(D)(1)(a) and 57.4(D)(2) for admission to

this Court's bar *pro hac vice*.

### III.    Exemption From Local Criminal Rules 57.4(D)(1)(b) and 57.4(D)(3)

      8.      This matter arises from the same facts that form the basis of a civil, Federal Tort

---

[3] As an Assistant District Attorney, Mr. Martin was permitted to perform his work with appropriate supervision and pre-admission limitations between the start of his employment at the Manhattan District Attorney's Office in September 2008 and his admission to the New York State bar in February 2009. After his admission, he continued to serve as an Assistant District Attorney and licensed member of the bar for the remainder of his term there.

Claims Act matter pending before this Court, *Ghaisar et al. v. United States*, 1:19-cv-01224 (E.D. Va.). *See* Notice of Removal, ECF No. 1 at 5-6.

9.      As defense counsel for the United States from the United States Attorney's Office for the Eastern District of Virginia has represented to the Court in *Ghaisar*, the United States Attorney's Office for the Eastern District of Virginia has recused itself from all criminal investigations and proceedings related to the *Ghaisar* matter, including this matter. *See* Aug. 28, 2020 Hr. Tr. 6:22-24; *see* ECF No. 95, *Ghaisar et al. v. United States*, 1:19-cv-01224 (E.D. Va.).

10.     Because of the recusal from this case by the United States Attorney's Office for the Eastern District of Virginia, the United States respectfully requests that Mr. Martin be granted an exemption from the requirements of Local Criminal Rules 57.4(D)(1)(b) and 57.4(D)(3).

11.     Local Criminal Rules 57.4(D)(1)(b) and 57.4(D)(3) require that "practitioners from another state or the District of Columbia shall be accompanied by a member of the bar of this Court in all appearances before this Court," Local Criminal Rule 57.4(D)(1)(b), that "no pleading or notice required to be signed by counsel shall be filed unless signed by counsel who shall have been admitted to practice in this Court," Local Criminal Rule 57.4(D)(3), and that "federal government attorneys representing the interests of the United States, including the United States Department of Justice, shall secure local counsel by working with an assistant United States attorney assigned to the Eastern District of Virginia," *id*.

12.     Without an exemption to Local Criminal Rules 57.4(D)(1)(b) and 57.4(D)(3), those rules would require an Assistant United States Attorney assigned to the United States Attorney's Office for the Eastern District of Virginia to work with Mr. Martin on this case. The rules would also require a member of this Court's bar, who in this matter would otherwise

normally be an Assistant United States Attorney in the United States Attorney's Office for the Eastern District of Virginia, to accompany Mr. Martin to court appearances and sign court filings on behalf of the United States.

13.     Because the United States Attorney's Office for the Eastern District of Virginia has recused itself from this case, Assistant United States Attorney for the Eastern District of Virginia cannot provide Mr. Martin with the assistance of local counsel required by Local Criminal Rules 57.4(D)(1)(b) and 57.4(D)(3). Because of that recusal, Assistant United States Attorney for the Eastern District of Virginia cannot work on this case with Mr. Martin or any other government attorney, nor can they act as local counsel to attend court appearances or sign court filings in these cases.

14.     Given United States Attorney's Office for the Eastern District of Virginia's recusal and the obstacles it presents to obtaining local counsel and complying with Local Criminal Rules 57.4(D)(1)(b) and 57.4(D)(3), the United States requests an exemption from those rules for Mr. Martin during the pendency of this matter.

15.     The United States submits that such an exemption is necessary and appropriate and in the interests of justice and judicial efficiency.

16.     The United States also respectfully requests that, to permit Mr. Martin to file and access pleadings electronically in this matter using the Court's CM/ECF system, the Clerk of Court provide Mr. Martin with an ECF login and password for use of the Court's CM/ECF system.

17.     Undersigned counsel has consulted with counsel for Plaintiff and Defendant, and Plaintiff does not object to this motion, and Defendant consents to the relief requested in this motion.

18.     A proposed order is attached here as **Exhibit B**.

WHEREFORE, the United States respectfully requests that this Court issue an order admitting Mr. Martin to practice *pro hac vice* in these cases during the period of his employment by the United States and exempting Mr. Martin from the requirements of Local Criminal Rules 57.4(D)(1)(b) and 57.4(D)(3), and for such further relief as the Court deems appropriate.


Dated: November 20, 2020                                    Respectfully submitted,

                                                            G. ZACHARY TERWILLIGER
                                                            UNITED STATES ATTORNEY

                                        By:     /s/_____
                                                Jonathan T. Lucier
                                                VSB No. 81303
                                                Office of the United States Attorney
                                                919 East Main Street, Suite 1900
                                                Richmond, Virginia, 23219
                                                (804) 819-5400 (phone)
                                                (804) 771-2316 (fax)
                                                Email: jonathan.lucier@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on November 20, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/

Jonathan T. Lucier
VSB No. 81303
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia, 23219
(804) 819-5400 (phone)
(804) 771-2316 (fax)
Email: jonathan.lucier@usdoj.gov