UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA, | : | |
| | : | |
| v. | : | Case No.: 1:20-cv-1396 |
| | : | |
| LUCAS VINYARD, | : | The Honorable Claude M. Hilton |
| | : | |
| Defendant. | : | |

REPLY TO THE COMMONWEALTH'S
RESPONSE TO OFFICER VINYARD'S NOTICE OF REMOVAL

Defendant, Lucas Vinyard, through counsel, HANNON LAW GROUP, LLP, respectfully

presents this reply to the Commonwealth of Virginia's response to his notice of removal.

ARGUMENT

I.     THE COMMONWEALTH HAS NOT IDENTIFIED ANY PROCEDURAL
       DEFECT WARRANTING REMAND.

The Commonwealth first contends that Officer Vinyard's notice of removal is

procedurally defective because he did not include a copy of the bench warrant.  Section 1455(a)

requires that "all process, pleadings, and orders," served upon a defendant be included with the

notice of removal.  28 U.S.C. § 1455(a).  Although Officer Vinyard did include copies of the

indictment and all court filings, he did not include the bench warrant.  Now, five months after he

filed the notice, the Commonwealth contends that this inadvertent omission by counsel warrants

remand and trial in state court.

In support of this position, the Commonwealth cites two cases, both of which are

inapposite.  First, it cites *Commonwealth of Virginia v. El*, No. 3:15-cv-718, 2016 WL 3746376

(E.D. Va. July 12, 2016), where a parolee tried to remove his case challenging conditions placed

on his parole.  The Court remanded the case, but not for failing to include a bench warrant or any

other process.  Instead, the Court held that removal was inappropriate because the parolee was

not a state or federal officer and did not allege any violation of federal law. *Id.* at 4.

Nevertheless, the Commonwealth cites a footnote in the court's decision where it said the

parolee's notice was also untimely and that he failed to "attach, or even outline the facts of, the

underlying order." *Id.* at 2 n.6. This is nothing like Officer Vinyard's notice, which was timely

filed and included the indictment and court filings, as well as a detailed explanation of the basis

for removal. In any event, the court in *El* declined to remand the case based on these procedural

defects. *Id.* The case lends no support for the Commonwealth's request for remand.

The Commonwealth also cites a case from a federal district court in Hawaii, where the

court was unable to determine whether removal was proper because the defendant did not "attach

copies of all of the 'process, pleadings, and orders' that she was served with in the state court

prosecution[.]" *Hawaii Superior Court v. Baksheeva-Pasha*, D. Haw. No. CV 17-00052 LEK-

RLP, 2017 WL 659394, at *1 (D. Haw. Feb. 17, 2017). It is not clear from the opinion what

documents were included or omitted, but the court ultimately permitted the defendant to cure the

defect. Again, this is nothing like Officer Vinyard's notice, which included the indictment, other

court filings, and a detailed explanation of the basis for removal. The Commonwealth does not

argue that the bench warrant is relevant, let alone necessary, to determine whether removal is

appropriate. Moreover, the Commonwealth attached a copy of the warrant to its response,

ensuring that the court has all process served on Officer Vinyard before making its decision. The

late inclusion of the bench warrant does not justify remand.

The Commonwealth also argues that Officer Vinyard's notice is procedurally defective

because it insufficiently alleged a federal defense. This argument fails for two reasons. First, the

Commonwealth takes an overly narrow view of the applicable standard. Section 1442(a)(1)

permits removal of any criminal prosecution against "[a]ny officer. . . of the United States . . . for

or relating to any act under color of such office[.]"  28 U.S.C. § 1442(a)(1).  As the

Commonwealth notes, this "color of such office" language has sometimes been interpreted to

require that a defendant "raise a colorable federal defense."  *Jefferson County, Ala. v. Acker*, 527

U.S. 423, 431 (1999).  But the Commonwealth ignores the 2013 amendment to the statute, which

added subsection (c).  That subsection applies specifically to law enforcement officers and

broadens the concept of what qualifies as an act taken "under color of such office."  Subsection

(c) states:

> (c) Solely for purposes of determining the propriety of removal under subsection
> (a), a law enforcement officer, who is the defendant in a criminal prosecution, shall
> be deemed to have been acting under the color of his office if the officer--
>
>> (1) protected an individual in the presence of the officer from a crime of
>> violence;
>>
>> (2) provided immediate assistance to an individual who suffered, or who was
>> threatened with, bodily harm; or
>>
>> (3) prevented the escape of any individual who the officer reasonably believed
>> to have committed, or was about to commit, in the presence of the officer, a
>> crime of violence that resulted in, or was likely to result in, death or serious
>> bodily injury.

28 U.S.C. § 1442(c).  If the circumstances outlined here are present, there is no further

requirement of raising a federal defense.

In his notice, Officer Vinyard explained that he "acted to prevent Ghaisar from striking

Officer Amaya with his Jeep—a crime of violence that would likely have caused serious bodily

harm to Amaya," and that this satisfied the "color of office" requirement under § 1442(c).  (ECF

No. 1 at 6.)  This alone is sufficient to justify removal.

Second, Officer Vinyard's notice did sufficiently raise a colorable federal defense of

immunity under the Supremacy Clause.  The removal statute merely requires a "short and plain

statement of the grounds for removal," and "is broad enough to cover all cases where federal

officers can raise a colorable defense arising out of their duty to enforce federal law." *Mesa v. California*, 489 U.S. 121, 133 (1989) (quoting *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)).  "The officer need not win his case before he can have it removed."  *Willingham*, 395 U.S. at 407.  Remand is only appropriate if "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."  28 U.S.C. § 1455(b)(4).

The Commonwealth contends that Officer Vinyard failed to allege that he was authorized to pursue Ghaisar.  This is incorrect.  In his notice, Officer Vinyard explained that at the time of the underlying events, he was a Police Officer with the United States Park Police assigned to District Two.  (ECF No. 1 at 4.)  The notice explained that he was responsible for law enforcement and public safety throughout an area that includes the George Washington Memorial Parkway.  (*Id.*)  It further explained that the Park Police's dispatch unit instructed him to pursue Ghaisar following his involvement in a hit-and-run.  (*Id.*)  These allegations are sufficient to show that Officer Vinyard was not only authorized, but was instructed to pursue Ghaisar.

The Commonwealth also contends that Officer Vinyard failed to allege that he was authorized to use deadly force against Ghaisar.  But as the Supreme Court has said, "the statute does not require that the prosecution must be for the very acts which the officer admits to have been done by him under federal authority."  *State of Maryland v. Soper*, 270 U.S. 9, 33 (1926).  Instead, it "is enough that his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution."  *Id.*  He is not required to prove, at this early stage, that his defense will prevail.

The Commonwealth also contends that Officer Vinyard failed to allege facts showing that he held a subjective belief that his actions were necessary, or that his subjective belief was

objectively reasonable. This, too, is incorrect. Officer Vinyard explicitly stated in his notice that he reasonably believed his actions were necessary to protect Officer Amaya from the threat of serious bodily harm. (ECF No. 1 at 7.) The facts that support his subjective belief and those that show it was objectively reasonable are the same. Officer Vinyard's notice explained that the officers were instructed by dispatch to pursue Ghaisar for a hit-and-run, that they observed Ghaisar speeding, fleeing the police, and crossing the yellow line separating oncoming traffic, that they had reason to believe he was driving under the influence of drugs or alcohol, and that Ghaisar drove his Jeep in the direction of Officer Amaya, threatening to cause him serious bodily harm. (ECF No. 1 at 5-6.) The Commonwealth may disagree as to whether Officer Vinyard's conduct was reasonable, but these statements undoubtedly meet the low bar of raising a "colorable" defense sufficient to justify removal.

## II.    REMOVAL IS CONSISTENT WITH THE PURPOSE OF THE STATUTE.

Finally, the Commonwealth's claim that removal would not advance the purpose of the removal statute is easily dismissed. The Supreme Court has repeatedly said that "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Willingham*, 395 U.S. at 407. *See Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("in determining their immunity, federal officers needed the protection of a federal forum"); *Jefferson County, Ala.*, 527 U.S. at 447 (SCALIA, J. concurring in part and dissenting in part) ("the main point of 28 U.S.C. § 1443 is to give officers a federal forum in which to litigate the merits of immunity defenses").

5

## CONCLUSION

For the foregoing reasons, Officer Vinyard asks the Court to find that the removal is proper.

Respectfully submitted,

HANNON LAW GROUP, LLP,


_____/s/_____

Daniel S. Crowley,
Virginia State Bar Number: 79567
333 8th Street NE
Washington, DC 20002
Tel:  (202) 232-1907
Fax: (202) 232-3704
dcrowley@hannonlawgroup.com
*Counsel for Lucas Vinyard*

6

## CERTIFICATE OF SERVICE

I certify that on April 21, 2021, a copy of the foregoing was electronically filed with the

Clerk of the Court using the CM/ECF system, which will serve a copy to counsel of record.


/s/

Daniel S. Crowley,
Virginia State Bar Number: 79567
HANNON LAW GROUP, LLP
333 8th Street NE
Washington, DC 20002
Tel:  (202) 232-1907
Fax: (202) 232-3704
dcrowley@hannonlawgroup.com

*Counsel for Lucas Vinyard*
